UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DAWAYNE HINES,<br><br>       Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL,<br><br>       Defendant. | Case No.  16-cv-03078-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 24 |

Plaintiff's counsel, Katherine Siegfried, moves for attorney's fees pursuant to 42 U.S.C. § 406(b) for representing Plaintiff in his successful appeal of the Commissioner of the Social Security Administration's ("Commissioner's") denial of social security disability benefits. (Dkt. No. 24.) The Commissioner's response does not oppose Plaintiff's request for fees. After careful consideration of Plaintiff's motion and the relevant legal authority, the Court GRANTS the motion for attorney's fees pursuant to Section 406(b).

**BACKGROUND**

This case stems from Plaintiff's appeal of the SSA's denial of social security benefits for a combination of mental and physical impairments, including: severe hip pain and depression.  On July 31, 2017, the Court granted Plaintiff's motion for summary judgment, denied Defendant's cross-motion for summary judgment, and remanded for further proceedings.  (Dkt. No. 20.)  On September 27, 2017, pursuant to the parties' stipulation, the Court awarded $3,500 in fees to Plaintiff's counsel under to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Dkt. No. 23.)

Following remand, Plaintiff appeared for a further hearing before an Administrative Law Judge who issued a favorable decision finding him disabled.  (Dkt. No. 24-2 at ¶ 3.)  On April 28,

1    2020, Plaintiff was notified that he had been awarded disability benefits from 2011-2015 and that

2    he was owed $118,425 in past due benefits. (Dkt. No. 24-4.) Social Security has withheld

3    $29,606.25 from Plaintiff's past due award for attorney's fees from which Social Security has

4    already paid Plaintiff's counsel $6,000 for work performed before the Agency under 42 U.S.C. §

5    406(a). (*Id.* at 2-3.) Plaintiff's counsel thereafter filed the now pending motion for attorney's fees

6    for work performed in this Court under Section 406(b). (Dkt. No. 24.) Pursuant to Plaintiff and

7    his counsel's contingency fee agreement for this case, counsel may seek fees up to 25 percent of

8    any past-due benefits awarded to Plaintiff. (Dkt. No. 24-3.) Counsel accordingly requests fees in

9    the amount of $23,606.25 which represents approximately 25% of Plaintiff's past-due benefits

10   (including the $6,000 already paid under Section 406(a)). Plaintiff's counsel served Plaintiff with

11   a copy of the motion and he filed a declaration in support of the fee motion agreeing that counsel

12   is entitled to the $23,606.25 sought. (Dkt. No. 24-2 at ¶ 8.) The Commissioner filed a response

13   taking no position on the reasonableness of the fees sought. (Dkt. No. 26.)

## LEGAL STANDARD

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a [social security] claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee" to claimant's attorney; such a fee can be no more than 25 percent of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25 percent fee based upon any past-due benefits awarded on remand. *See, e.g., Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc).

Under Section 406(b), a court must serve "as an independent check" of contingency fee agreements "to assure that they yield reasonable results." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, [Section] 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id*. at 808-09. The court's review of a fee agreement is based on the character

of the representation and the results achieved, *see Gisbrecht*, 535 U.S. at 808, and can include analyzing: whether counsel provided substandard representation; any dilatory conduct by counsel to accumulate additional fees; whether the requested fees are excessively large in relation to the benefits achieved; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at 1151-52.

A court must offset an award of Section 406(b) attorneys' fees by any award of fees granted under the EAJA. *Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

## ANALYSIS

Plaintiff's counsel has demonstrated that the amount of fees requested is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807. First, while not dispositive, Plaintiff and counsel's contingency fee agreement is within the 25 percent threshold permitted under Section 406(b) as the agreement provides that counsel will not ask for a fee of more than 25 percent of total past-due benefits awarded. (Dkt. No. 24-3.) Second, there is no indication that a reduction of fees is warranted due to any substandard performance by counsel or that counsel delayed these proceedings in an effort to increase the amount of fees awarded. To the contrary, counsel provided substantial work and achieved favorable results for Plaintiff as she succeeded in having the Court remand this matter for further proceedings. Nor is the amount of fees, $23,606.25, excessive in relation to the past-due benefits award of $118,425. *See, e.g.*, *Eckert v. Berryhill*, No. 15-CV-04461-JCS, 2017 WL 3977379, at *3 (N.D. Cal. Sept. 11, 2017) (awarding $16,566.25 in fees following an award of $66,265 in retroactive benefits); *Devigili v. Berryhill*, No. 15-CV-02237-SI, 2017 WL 2462194, at *2 (N.D. Cal. June 7, 2017) (awarding $15,278.00 in fees following an award of $76,391.00 in retroactive benefits); *Conner v. Colvin*, No. 13-CV-03324-KAW, 2016 WL 5673297, at *3 (N.D. Cal. Oct. 3, 2016) (awarding $17,746.00 in fees following an award of $94,987.60 in retroactive benefits). Lastly, the Court finds that Plaintiff's counsel assumed a substantial risk of not recovering fees when she accepted this case. Plaintiff and counsel entered into the contingency fee agreement prior to the filing of this action. (Dkt. No. 24-3.) At that time, the Agency had completely denied Plaintiff any requested benefits, and counsel could

not know that the Court would remand to the Commissioner.

Accordingly, the Court finds that the amount of requested fees is reasonable.

## CONCLUSION

For the reasons described above, the Court GRANTS Plaintiff's counsel's motion for fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $23,606.25, payable to the Law Offices of Katherine Siegfried. Plaintiff's counsel is ordered to refund the previously awarded EAJA fees, in the amount of $3,500.00, to Plaintiff.

**IT IS SO ORDERED.**

Dated: June 4, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge